**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SFR INVESTMENTS POOL 1, LLC, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> FEDERAL NATIONAL MORTGAGE ) <br> ASSOCIATION, ) <br> ) <br> Defendant. ) <br> ) | Case No.: 2:23-cv-001348-GMN-NJK <br><br> **ORDER GRANTING MOTION TO DISMISS AND EXPUNGE LIS PENDENS** |

Pending before the Court is the Motion to Dismiss, (ECF No. 23), and Motion to Expunge Lis Pendens, (ECF No. 24),[1] filed by Defendant Federal National Mortgage Association ("Fannie Mae"). Plaintiff SFR Investments Pool 1, LLC ("SFR") filed a Response, (ECF Nos. 33, 34), to which Fannie Mae filed a Reply, (ECF Nos. 44, 45).

Also pending before the Court is SFR's Motion for Temporary Restraining Order, (ECF No. 8), and Motion for Preliminary Injunction, (ECF No. 9). Fannie Mae filed a Response, (ECF Nos. 25, 26), to which SFR filed a Reply, (ECF No. 35).

For the reasons discussed below, the Court **GRANTS** the Motion to Dismiss, **GRANTS** the Motion to Expunge Lis Pendens, and **DENIES as moot** the Motions for Temporary Restraining Order and Preliminary Injunction.

I. <u>BACKGROUND</u>

This case arises out of Fannie Mae's alleged pursuit of foreclosure on the property located at 1408 Colfax Creek Street, Henderson, NV 89012, APN 178-21-712-035 (the "Property"). (Am. Compl. ¶ 5, ECF No. 7). In 2008, David Derenthall, the Borrower, executed

---

[1] ECF Nos. 23 and 24 are identical. The Court cites ECF No. 23 to reference both the Motion to Dismiss and the Motion to Expunge Lis Pendens.

a Deed of Trust against the property, securing repayment of a $240,000 promissory note. (Deed of Trust, Ex. 1 to Mot. Dismiss, ECF No. 23-1).  Fannie Mae owns this loan. (Am. Compl. ¶ 13).

SFR acquired title to the Property by successfully bidding on the Property at a publicly held HOA foreclosure sale in accordance with NRS § 116.3116. (*Id.* ¶ 11).  SFR alleges that any deed of trust recorded against the Property was extinguished by the HOA foreclosure sale. (*Id.* ¶ 15).  SFR brings one cause of action for Wrongful Foreclosure/Quiet Title/Declaratory Relief against Fannie Mae. (*Id.* ¶¶ 23–30).  Specifically, SFR argues that over ten years have passed since the HOA foreclosure sale, so any applicable statutes of limitations bar Fannie Mae from overturning the legal effect of the sale, and Fannie Mae is therefore proceeding to foreclose without a valid deed of trust. (*Id.*).  Fannie Mae now moves to dismiss. (Mot. Dismiss, ECF No. 23).

## II.   LEGAL STANDARD

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Twombly*, 550 U.S. at 555.  Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

"If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d).  A court may, however, take judicial notice of "matters of public record" without converting the motion to a motion for summary judgment. *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986).

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc*., 957 F.2d 655, 658 (9th Cir. 1992).

### III. DISCUSSION

Under NRS § 40.010, "[a]n action may be brought by any person against another who claims an . . . interest in real property, adverse to the person bringing the action, for the purpose of determining such adverse claim."  A quiet title claim "does not require any particular elements, but 'each party must plead and prove his or her own claim to the property in question.'" *Chapman v. Deutsche Bank Nat'l Tr. Co.*, 302 P.3d 1103, 1106 (Nev. 2013).

SFR's quiet title claim rests on the assumption that the deed of trust is extinguished or otherwise unenforceable against it. (Am. Compl. ¶¶ 25–30).  Fannie Mae argues that SFR's claim fails for two reasons.  First, SFR's claim that the HOA foreclosure sale extinguished the deed of trust fails as a matter of law because the Federal Foreclosure Bar provision of HERA defeats the claim, and even if HERA did not exist, the HOA foreclosure sale still would not have extinguished the deed of trust because tender was excused. (Mot. Dismiss 6:2–6). Second, no statute of limitations applies because Fannie Mae has not asserted any claims against SFR, and even if a statute of limitations were applicable, the statutory time-period has not run. (*Id.* 6:6–10).  The Court agrees that SFR's claim fails because no statute of limitations applies and does not reach Fannie Mae's remaining arguments for dismissal.

///

### A. Statutes of Limitations Do Not Apply

SFR's theory that statutes of limitations bar Fannie Mae from quieting title against SFR fails because no statute of limitations applies here. SFR's Amended Complaint alleges that "under any applicable statute of limitations Fannie Mae is barred from overturning the legal effect of the [HOA] foreclosure sale and is therefore proceeding to foreclosure without a valid deed of trust." (Am. Compl. ¶ 30).[2] But Fannie Mae has not brought a claim subject to any statute of limitations. Instead, as SFR admits, "what SFR seeks by way of its quiet title claim is a declaration that because no party timely challenged the sale, the sale is valid and SFR took the property free and clear of any encumbrances recorded before the HOA sale." (Resp. 4:8–10, ECF No. 33).[3]

This Court rejected the same statute of limitations argument in *Estrada v. Specialized Loan Servicing LLC*, No. 2:22-cv-001620-GMN-NJK, 2023 WL 5796550, at *1 (D. Nev. Sept. 6, 2023).[4] In that case, the plaintiff "appear[ed] to anticipate a quiet title counterclaim" and argued that the defendant was time-barred from asserting any claim of title to the property. *Estrada*, 2023 WL 5796550, at *3. This Court explained that "under Nevada law, '[l]imitations do not run against defenses.'" *Id.* (quoting *Dredge Corp. v. Wells Cargo, Inc.*, 389 P.2d 394, 396 (Nev. 1964)). Thus, as in *Estrada*, "any affirmative defense Defendant raises is not subject to a statute of limitations." *Id.* (citing *City of Saint Paul, Alaska v. Evans*, 344 F.3d 1029, 1035 (9th Cir. 2003); *Nevada State Bank v. Jamison Fam. P'ship*, 801 P.2d 1377, 1382 (Nev. 1990)).

---

[2] The Amended Complaint does not identify what statute of limitations allegedly applies. SFR's Response identifies several possible statutes of limitations. (Resp. 3:5–22, ECF No. 33). Because no statute of limitations applies to Fannie Mae's non-existent claim, which statute of limitations would theoretically apply is of no matter to the Court.

[3] SFR cites *Fed. Nat'l Mortg. Ass'n v. SFR Invs. Pool 1, LLC*, No. 2:17-cv-01750-APG-BNW, 2019 WL 3291522 (D. Nev. July 22, 2019). In that case, *plaintiff* Fannie Mae's claims were time barred. Here, Fannie Mae is the Defendant and has not asserted any claims.

[4] SFR attempts to distinguish this case from *Estrada* by noting that "Fannie Mae's predecessor (or agent assuming federal ownership) was a plaintiff back in 2015 when it filed a claim against SFR, but it dismissed that claim after SFR filed a motion to dismiss." (Resp. 4:20–22). The Court finds this fact immaterial to whether a statute of limitations applies to a defense.

The Court therefore finds that SFR fails to state a claim because the sole claim alleged in the Amended Complaint rests on asserting a statute of limitations bar against Fannie Mae. SFR's claim fails as a matter of law and must be dismissed with prejudice.

### B. Expunging the Lis Pendens

Upon commencing this action, SFR recorded a lis pendens against the Property. (Not. Lis Pendens, ECF No. 3).  A lis pendens, or notice of the pendency of an action, applies to actions affecting the title or possession of real property. NRS § 14.010(1).  A court must order the cancellation of the notice of pendency if the court finds that the party who recorded the notice of pendency has failed to establish a likelihood of prevailing on the merits. *Id.* § 14.015(5).  Here, the Court dismisses SFR's quiet title claim, so SFR will not succeed on the merits.  Accordingly, the Court must expunge the lis pendens.

///

///

///

///

///

///

///

///

///

///

///

///

///

## V. CONCLUSION

**IT IS HEREBY ORDERED** that Fannie Mae's Motions to Dismiss, (ECF No. 23), and Expunge the Lis Pendens, (ECF No. 24), are **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Amended Complaint is **DISMISSED with prejudice**.

**IT IS FURTHER ORDERED** that the Motions for Temporary Restraining Order, (ECF No. 8), and Preliminary Injunction, (ECF No. 9), are **DENIED as moot**.

**IT IS FURTHER ORDERED** that the notice of pendency is **CANCELLED**.  This cancellation has the same effect as an expungement of the original notice.

**IT IS FURTHER ORDERED** that SFR shall record a copy of this Order of cancellation with the county recorder.

**IT IS FURTHER ORDERED** that the Clerk's Office shall close this case.

**DATED** this __8__ day of April, 2024.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT